IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WI-LAN INC., § <br> § <br>               **Plaintiff,** § <br> § <br> v. § <br> § <br> COMCAST CORPORATION, § <br> TIME WARNER CABLE, INC., § <br> AND CHARTER COMMUNICATIONS, § <br> INC. § <br>               **Defendants.** § <br> § | Civil Action No.  6:10-cv-616 <br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this Complaint for patent infringement against Defendants Comcast Corporation ("Comcast"), Time Warner Cable, Inc., ("Time Warner"), and Charter Communications, Inc. ("Charter Communications") for infringement of U.S. Patent No. 5,761,602 (the "'602 Patent") pursuant to 35 U.S.C. § 271.  A copy of the '602 Patent is attached as Exhibit A.

## THE PARTIES

1. Plaintiff Wi-LAN is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.  Plaintiff Wi-LAN also maintains a place of business in this judicial district at the Travis Terrace Building, 505 East Travis Street, Suite 206, Marshall, Texas.

2. Upon information and belief, Defendant Comcast is a corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business at 1500 Market Street, Philadelphia, PA 19102.  Comcast regularly conducts and transacts business in

Texas and within this judicial district itself and through one or more subsidiaries, affiliates, partners, or other related parties, and as set forth in Paragraphs 10-16 below, has committed, and continues to commit acts of patent infringement in this judicial district.  Comcast may be served with process by serving its registered agent, CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia PA, 19102.

3. Upon information and belief, Defendant Time Warner is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 7800 Crescent Executive Drive, Suite 56, Charlotte, NC 28217.  Time Warner regularly conducts and transacts business in Texas and within this judicial district itself and through one or more subsidiaries, affiliates, partners, or other related parties, and as set forth in Paragraphs 10-16 below, has committed, and continues to commit acts of patent infringement in this judicial district.  Time Warner may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. Upon information and belief, Defendant Charter Communications is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 12405 Powerscourt Dr., Suite 100, St. Louis, MO 63131.  Charter Communications regularly conducts and transacts business in Texas and within this judicial district itself and through one or more subsidiaries, affiliates, partners, or other related parties, and as set forth in Paragraphs 10-16 below, has committed, and continues to commit acts of patent infringement in this judicial district. Charter Communications may be served with process serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. Comcast, Time Warner and Charter Communications are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271.

7. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over each of the Defendants. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, advertises, operates and uses its cable system products and services in the United States, the State of Texas, and the Eastern District of Texas. These infringing cable system products and services have been and continue to be used and purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

9. On information and belief, venue in this Judicial District is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 5,761,602

10. On June 2, 1998, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,761,602 ("the '602 Patent"), entitled "Hybrid Multichannel Data Transmission System Utilizing a Broadcast Medium" after a full and fair examination. Wi-LAN is the owner of all rights, title, and interest in and to the '602 Patent and possesses all rights of recovery under the '602 Patent, including the right to sue and recover damages for all infringements.

11. The '602 Patent is valid and enforceable.

12. Upon information and belief, Defendants have been and are now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '602 Patent in this District and elsewhere by offering for sale, selling, operating, advertising and marketing cable systems and cable modem products, including systems and products compliant with the Data Over Cable System Interface Specification ("DOCSIS") standard, that fall within the scope of at least one claim of the '602 Patent. More particularly, but without being limited thereto, Defendants operate, advertise, market, and sell cable systems and cable modem products that perform, or are capable of performing, the Dynamic Channel Change and Channel Bonding features of the DOCSIS 2.0 and 3.0 standard. Any cable systems, or cable modem products used in such cable systems, that are capable of performing the Dynamic Channel Change and/or Channel Bonding features of the applicable DOCSIS standards necessarily infringe one or more claims of the '602 patent.

13. Wi-LAN has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the '602 Patent, Wi-LAN will suffer irreparable harm.

14. All Defendants have knowledge of the '602 Patent at least by way of this complaint and to the extent they do not cease their infringing activities their infringement is and continues to be willful and deliberate.

15. Wi-LAN has at all times complied with 35 U.S.C. § 287.

16. As a result of Defendants' act of infringement, Wi-LAN has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

17. WHEREFORE, Wi-LAN prays for the following relief:

A. A judgment in favor of Wi-LAN that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, at least one claim of the '602 Patent;

B. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '602 Patent;

C. Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

D. A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

E. Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

F. Such other further relief in law or equity to which Wi-LAN may be justly entitled.

## **DEMAND FOR JURY TRIAL**

18.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.


Date: November 19, 2010                    Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ Sam Baxter

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Benjamin J. Warlick
bwarlick@mckoolsmith.com
One Bryant Park, 47th Floor
New York, New York 10026
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Dirk D. Thomas
dthomas@mckoolsmith.com
Robert A. Auchter
rauchter@mckoolsmith.com
1700 K Street, NW, Suite 740
Washington, DC 20006
Telephone: (202) 370-8300
Facsimile: (202) 370-8344

**ATTORNEYS FOR WI-LAN INC.**